56  379
s57  219

HENRY E. LEWIS, TRUSTEE, APPELLANT, V. GEORGE W. HOLDREGE, TRUSTEE, ET AL., APPELLEES, AND KENT K. HAYDEN, RECEIVER, APPELLANT.

FILED OCTOBER 20, 1898.    No. 8080.

1. **Fraudulent Conveyances:** RIGHTS OF CREDITORS. A sale or transfer of property in fraud of the rights of creditors of the vendor is valid between the parties thereto; and it is void as to such creditors only to the extent that they are prejudiced thereby.

2. **Assignment of Chose in Action:** DEFENSES. The assignee of a non-negotiable chose in action takes it subject to all equities existing between the original parties.

3. **Equity:** MAXIMS. "He who seeks equity must do equity" and come into court with clean hands.

4. ———: EFFECT OF PLAINTIFF'S MISCONDUCT: RELIEF. A plaintiff who does not stand in conscientious relations towards his adversary, with reference to the claim which is the subject of the action, is not entitled to the aid of a court of equity, and will be denied affirmative relief, although such claim does not arise out of an illegal transaction and is not tainted with actual fraud.

5. ———: ———: ———. If the plaintiff, or his assignor, has been guilty of any misconduct in connection with the transaction out of which the claim in suit arose, so that the enforcement of such claim would be harsh, unconscionable, and oppressive, a court of equity will either decline to grant any relief whatever or grant it on such terms as may be just and equitable.

REHEARING of case reported in 55 Neb. 173. *Decree below affirmed in part.*

*A. S. Tibbets, Tibbets, Morey & Ferris, L. C. Burr, Cobb & Harvey,* and *Lamb, Adams & Scott,* for appellants.

*J. W. Deweese, F. E. Bishop,* and *G. M. Lambertson,* contra.

SULLIVAN, J.

This case is now before us on rehearing. In the former opinion (55 Neb. 173) it was held that the transfer of the fund and property here in controversy, by C. W. Mosher

to the Western Manufacturing Company, was made in fraud of Mosher's creditors. To that conclusion we still adhere. The transfer being fraudulent as to creditors was void as to them, but only to the extent that it was prejudicial to their rights. Between the parties the assignment was valid and effective. (*Baldwin v. Burt*, 43 Neb. 245; *Richardson v. Welch*, 47 Mich. 309; *Freeman v. Auld*, 44 N. Y. 50; *Songer v. Partridge*, 107 Ill. 529.)

The transfer by the Western Manufacturing Company to Lewis was made in the ordinary course of business for a valuable consideration and without notice of the fraudulent character of his assignor's title. Under these circumstances Lewis took the fund and property free and clear of the general claims of Mosher's creditors. By virtue of his garnishment proceedings Hayden, as receiver, had, prior to the assignment, obtained a specific lien on a small portion of the fund assigned. To the extent of this lien the assignment is not effectual; in all other respects it is. Consequently the claims of creditors constitute no bar to this action.

The appellees, however, insist that a court of equity will not lend its aid to the enforcement of so unconscionable a claim against them. We will now inquire into the merits of this contention. The assignee of a non-negotiable chose in action, in the absence of special circumstances, takes it subject to all equities existing between the original parties. He cannot enforce it unless his assignor could. The transfer does not strengthen the claim. In other words, the debtor loses nothing by reason of the assignment and is in no worse position than if the assignment had not been made. (2 Am. & Eng. Ency. of Law [2d ed.] 1080; Clark, Contracts, 536; *Roberts v. Clelland*, 82 Ill. 538; *Commercial Nat. Bank v. Burch*, 141 Ill. 519; *Wing v. Page*, 62 Ia. 87; *Warner v. Whittaker*, 6 Mich. 133, 72 Am. Dec. 65; *Willis v. Twambley*, 13 Mass. 204; *Callanan v. Edwards*, 32 N. Y. 483; *Littlefield v. Albany County Bank*, 97 N. Y. 581.)

The rights of Lewis against Holdrege and his associ-

Lewis v. Holdrege.

ates are, therefore, no greater than those which Mosher would possess were he, in the absence of an assignment, attempting to prosecute the action. How would Mosher stand as plaintiff in the case? The primary purpose of the suit is to determine the plaintiff's right, as assignee of Mosher, to a one-tenth interest in the sum of $4,451.83 deposited by Holdrege, as trustee for the syndicate, in the Capital National Bank, and which was lost by the failure of that institution. A further and subordinate end sought to be attained is a decree establishing the validity and general effectiveness of the assignment. The money was deposited in the bank at the instance of Mosher. As president of the bank, and without the knowledge of his associates, he diverted more than a half-million dollars of the bank's funds to his own use and so completely wrecked it. In other words, he deliberately pursued a line of dishonest conduct which he knew would inevitably result in the loss of the syndicate's money. He was under a moral obligation to make good this loss to his associates, and if he were solvent a legal liability could be enforced through an action brought against him by the receiver for the benefit of all the creditors. Both in the character of debtor and a stockholder he was liable through the bank to its creditors.

It will be conceded that the demand of the syndicate against the bank could not be made the basis of a legal or equitable action against Mosher, and that it does not constitute a technical set-off or counter-claim. Nevertheless, we are entirely satisfied that the plaintiff has no absolute right to the assistance of a court of equity for the unconditional enforcement of his claim. The main purpose of the suit being to obtain a decree which would require the syndicate to pay Mosher's assignee one-tenth of the amount which the syndicate lost through Mosher's deliberate, intentional, and criminal conduct, and for a considerable portion of which he is now indirectly liable, the remedy sought would seem to be excep-

tionally unjust, harsh, and oppressive. A court that would unconditionally grant such relief would not be worthy to be called a court of conscience. "He who seeks equity must do equity" and come into court with clean hands. The misconduct of Mosher was intimately connected with the entire matter in litigation here. It was in relation to a part of the common fund and property which is the subject of this action. The court might, therefore, according to the settled maxims of equity jurisprudence, decline to act at plaintiff's instance. Discussing the principle on which courts of equity refuse to aid in the enforcement of unconscionable claims, Mr. Pomeroy says: "It assumes that the suitor asking the aid of a court of equity has himself been guilty of conduct in violation of the fundamental conceptions of equity jurisprudence, and therefore refuses him all recognition and relief with reference to the subject-matter or transaction in question. It says that whenever a party who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him *in limine;* the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy." (1 Pomeroy, Equity Jurisprudence, sec. 397.) A familiar illustration of the doctrine is found in cases where courts have declined to grant specific performance of valid contracts because unfairly obtained. The plaintiff in this case bases his action upon an unconscionable claim. He occupies no higher ground than his assignor. Without offering to do equity he has no claim upon a court of conscience. The district court, however, rendered a decree establishing his claim to the fund and property of the syndicate charged with a lien in favor of the appellees for the loss sustained by them in consequence of the failure of the Capital National Bank, and that decree, being one that does complete justice between the parties, will be affirmed. The correctness of the judg-

ment, heretofore rendered, dismissing the case as to the receiver, is not questioned and will not be disturbed.

AFFIRMED.