HENRY E. LEWIS, TRUSTEE, APPELLANT, V. GEORGE W.
HOLDREGE, TRUSTEE, ET AL., APPELLEES, AND KENT
K. HAYDEN, RECEIVER, APPELLANT.

FILED DECEMBER 22, 1898.   No. 8080.

**Modification of Former Judgment.** This case being here on appeal, a
former judgment of affirmance will be modified so as to correct
an erroneous computation of the trial court.

MOTION to modify judgment rendered in *Lewis v. Hold-
rege*, 56 Neb. 379. *Motion sustained.*

*A. S. Tibbets, Tibbets, Morey & Ferris, L. C. Burr, Colb &
Harvey,* and *Lamb, Adams & Scott,* for appellants.

*J. W. Deweese, F. E. Bishop,* and *G. M. Lambertson,*
contra.

SULLIVAN, J.

By a motion asking for a modification of the decision
rendered in this cause at the present term (*Lewis v.
Holdrege,* 56 Neb. 379) our attention has been called to a
matter which had previously escaped our notice, and is,
consequently, not mentioned in the former opinion. Al-
though no allusion was made to it in the oral argument,
it is insisted in the brief of counsel for appellee that the
trial court erred in allowing Mosher a credit to the ex-
tent of his one-tenth interest in the fund on deposit in
the Capital National Bank at the time of its failure, in-
stead of allowing him credit for his share of the divi-
dends actually paid by the receiver to the trustee. The
error is demonstrated by the record. After deducting
the amount paid to Holdrege by the receiver, the net loss
occasioned by Mosher's misconduct was $3,784.06. In-
cluded in the syndicate dividends declared prior to the
judgment was the entire sum paid by the receiver to the
trustee. The entire credit, therefore, to which Mosher
was entitled was $1,485, which, being deducted from the

sum lost through his wrongful conduct, leaves $2,299.06 as the balance to be retained out of his interest, instead of the sum of $1,853.88 as shown by the fourth finding of the district court. The judgment will be accordingly modified.

JUDGMENT ACCORDINGLY.