JAMES M. WECKERLY, APPELLEE, v. CADET TAYLOR ET AL., APPELLANTS.

FILED DECEMBER 21, 1906.   No. 14,905.

Equity seeks the real and substantial rights of the parties, and applies the remedy in such manner as to relieve those having the controlling equities.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. Reversed with directions.

George W. Shields, for appellants.

E. Wakeley, A. C. Wakeley and Greene, Breckenridge & Matters, contra.

JACKSON, C.

On March 9, 1901, plaintiff obtained judgment against Cadet Taylor and others, the judgment being in part un-

satisfied, and on February 20, 1904, this action was instituted by the plaintiff against Cadet Taylor, Emma L. Taylor, his wife, and the Employers' Liability Assurance Corporation, Limited. The action is in the nature of a creditor's bill, and seeks to subject money, which it is claimed is due the defendant Cadet Taylor from the assurance corporation on an accident policy, to the satisfaction of the judgment against Taylor. The defendant Emma L. Taylor answered, claiming, in substance, that she was the beneficiary named in the accident policy, which was issued at her instance and request and the premium paid out of her own funds; that she applied for a policy wherein she was to be named as the beneficiary; that after the policy was issued her husband made a formal assignment thereof for the purpose of curing any defects or ambiguities in the policy from which it might appear that any part of the moneys payable under its terms might be payable to the defendant Cadet Taylor; that it was originally intended by all the parties that she should be the sole beneficiary named in the policy. She also asked that the policy might be reformed, if it should be determined that any part of the moneys that might be payable under the provisions of the policy were payable to Cadet Taylor.

The assurance corporation answered, denying that it made any agreement with the defendant Emma L. Taylor to pay her any moneys under the provisions of the policy, except in case of the accidental death of Cadet Taylor, and admitting a liability of $1,250, which it offered to pay to the person entitled thereto. The decree was for the plaintiff, requiring the assurance corporation to pay the plaintiff $1,250, admitted liability. The defendant Emma L. Taylor appeals.

The facts with reference to the issuance of the policy are: That Cadet Taylor had left his home in Omaha for the purpose of a journey. His wife, Emma L. Taylor, requested her brother-in-law, W. B. Taylor, to procure an accident policy payable to her. W. B. Taylor applied to Frank S. Brownlee, district manager of the Preferred

Accident Insurance Company of Omaha, for such a policy. Brownlee came to Taylor's office with a printed application with blanks where the necessary information was to be written in. The application was filled out by Brownlee, and signed: "Cadet Taylor, by W. B. Taylor." The only reference to the beneficiary in the application is in this language: "Policy to be payable, in case of death by accident under its provisions, to (beneficiary's name in full) Emma L. Taylor. Residence—Omaha, Neb. Relationship—wife." It appears that the Preferred Accident Insurance Company would not issue a policy except upon the written application of the person whose life or safety was thereby insured, and Brownlee applied to Webster, Howard & Company, agents for the defendant assurance corporation, for a policy, furnishing the necessary and required information for that purpose. The defendant assurance corporation issued its policy, called a "combined accident policy." It provided for the payment of $5,000 to Emma L. Taylor, wife of Cadet Taylor, if death resulted from accident, and also contained provisions for the payment of weekly benefits in case of disability arising from accident. The premium was paid by Emma L. Taylor from her own private funds. The policy was delivered by Brownlee to W. B. Taylor, and he, in turn, delivered it to Emma L. Taylor. W. B. Taylor testified that, when he applied to Brownlee for the policy, he stated that Mrs. Taylor desired a policy in which she should be named as the sole beneficiary, and that Brownlee agreed to procure such a policy. The only conflict in the evidence is as to what occurred at that time. Brownlee testified that he had no recollection of making any such agreement, and, in effect, denied that such an agreement was made. The policy was issued under date of May 16, 1903, to take effect on May 15. On the 17th of October, 1903, Cadet Taylor made a formal assignment of all sums of money then accrued, or that might accrue and be payable to him under the provisions of the policy, to Emma L. Taylor, his wife. It is claimed that this assignment was fraud-

ulent as to his creditors, and it is upon that theory, doubtless, that the district court entered a decree favorable tó the plaintiff.

Elaborate arguments are made on behalf of the appellee Weckerly and the assurance corporation to show that all benefits provided for by the policy, except for death loss, were payable to Cadet Taylor, and it is as strenuously insisted by appellant that all benefits were payable to her; but, in view of the conclusion that we have reached, it is not important to determine that question. We entertain no doubt but that the appellant applied and paid for an accident policy, in which she was to be named as the beneficiary, and the fact that the policy, as it was issued, might be construed as contended for by the assurance corporation and Weckerly, should not, in an equitable action where the court looks to the substance rather than to the form, deprive her of the benefits of the transaction. Such benefits as have accrued were produced by the investment of her own funds, and were the result of the prudential course pursued by her for her own protection and the protection of the family, a benefit fund to which the creditors have no legal, moral or equitable claim. No reformation of the contract was necessary. If any part of the benefits accruing under the provisions of the policy were, by the terms of the policy, payable to Cadet Taylor, that infirmity was remedied by the assignment executed by him prior to the commencement of this action. Nor can it be said that the assignment was without consideration. No consideration was necessary except the original consideration paid as a premium for the policy. It served to perform the purpose originally intended when the premium was paid by Mrs. Taylor. The amount of the premium is lightly referred to by counsel in the brief on behalf of the assurance corporation as being insignificant. It is sufficient to say that the company issuing the policy fixed a price with which the court is not concerned.

The decree of the district court was erroneous, and it is recommended that it be reversed and the cause remanded, with instructions to enter decree in conformity with the conclusion here reached.

ALBERT, C., concurs.

DUFFIE, C., took no part in the decision.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed and the cause remanded, with instructions to enter decree in conformity with the conclusion here reached.

REVERSED.