IN RE GUARDIANSHIP OF BLANCHE V. PROTSMAN.
BLANCHE V. PROTSMAN, APPELLANT, v. MARCUS S. ANDERSEN, APPELLEE.
285 N. W. 494
FILED APRIL 21, 1939. No. 30566.

*Hubka & Hubka,* for appellant.

*Sackett & Brewster* and *Dean R. Sackett, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and JOHNSEN, JJ.

CARTER, J.

This is an appeal from an order of the district court for Gage county denying and dismissing the petition of Blanche V. Protsman, praying that the decree of final settlement and discharge of the guardian of Blanche V. Protsman, a spendthrift, be set aside and vacated, and to require the former guardian to make an accounting.

It appears from the record that Marcus S. Andersen was appointed guardian of Blanche V. Protsman, a spendthrift, in the county court of Gage county on September 30, 1921. On August 21, 1933, an order and decree was entered by the county court, approving the final account of the guardian, and ordering the release and discharge of the guardian upon his filing the receipt of Blanche V. Protsman for all of the trust property. No appeal was taken from this order. On August 24, 1933, the guardian delivered all of the securities to Blanche V. Protsman and accepted her receipt therefor. On October 21, 1936, the petition was filed in the instant case, praying that the order

approving the final settlement and discharging the guardian be vacated, and that the guardian be subjected to a further accounting.

The evidence discloses that the guardian, during the period of his stewardship, invested the moneys of the ward in certain securities without obtaining the approval of the county court for so doing. Four of the investments made by the guardian are charged by the petitioner to have resulted in losses for which the guardian is liable under the holdings in *Hendrix v. Richards,* 57 Neb. 794, 78 N. W. 378; *In re Estate of O'Brien,* 80 Neb. 125, 113 N. W. 1001; *Wilkins v. Deal,* 128 Neb. 78, 257 N. W. 486, which provide that a guardian is liable for losses sustained on investments not approved by the court.

The investments in question were as follows: $3,000 in bonds secured by a mortgage on the Beeson-Quein ranch in western Nebraska which were shown in the accounting as "in foreclosure," when in fact a deed had been accepted for the benefit of the bondholders; $300 of mortgage bonds signed by J. L. Schiek, shown in the accounting as "in foreclosure," in which title was in fact taken for the benefit of bondholders, the property sold and $153.13 paid to Blanche V. Protsman as a final settlement; $200 in mortgage bonds signed by Julius Gilbert shown in the accounting as "in foreclosure," in which a deed had in fact been taken and the property resold, resulting in a net return of $182.37 to the ward; a $100 mortgage bond signed by Charles C. Pyle, shown by the accounting as "in foreclosure," when in fact a deed had been taken by the trustee for bondholders who were still holding the trust property.

The record is clear that the guardian delivered the securities in question to Blanche V. Protsman at a time when she was accompanied by her own personally selected attorney. The securities were checked over one by one and a receipt given upon her attorney's advice. The securities in question were shown to be in default and were accepted with this knowledge. For more than three years Blanche V. Protsman has retained possession of these securities and

attempted to collect them, without any objection being made. It is clear that Blanche V. Protsman knew that these bonds were in default when she accepted them, and should have known their exact situation very shortly after their receipt. The evidence does not show fraud in the procurement of the final settlement and the discharge of the guardian. Even if the actions of the guardian should be construed as evidence of fraud and misrepresentation, the petitioner is barred by laches from maintaining her suit. The case is governed by the following rules of law:

An order of a probate court approving a final settlement between a guardian and his ward is a judgment of a court which becomes *res adjudicata,* and can only be reopened on such proof of fraud or mistake as would justify opening any other judgment. *In re Estate of Ramp,* 113 Neb. 3, 201 N. W. 676.

If the object of a petition is to set aside an order approving a final account between a guardian and his ward for fraud, it must allege some distinct and specific act of fraud from which petitioner suffered injury. It is also necessary that such petitioner negative all fault or negligence on his part. *Kielian v. Kent & Burke Co.,* 131 Neb. 308, 268 N. W. 79.

In such a case it must be alleged that the facts on which the petition is based were unknown to the petitioner until after the decree approving the final settlement, and a mere allegation of ignorance coupled with an admission of facts sufficient to put petitioner on inquiry will not suffice.

The report of the guardian in the instant case was sufficient to warn the ward and her attorney of the unsoundness of the investments of which complaint is made. The negligence of the ward in waiting more than three years from the time she knew, or ought to have known, of the alleged fraud in the procurement of the order, before commencing action to have it vacated, is such laches as would bar the granting of the relief prayed for. The trial court arrived at the proper conclusion and the judgment is

AFFIRMED.