HAROLD W. GLISSMANN, APPELLEE, V. F. H. BAUERMEISTER ET AL., APPELLEES: EDMOND H. ORCHARD ET AL., APPELLANTS.

297 N. W. 617

FILED APRIL 18, 1941. No. 30935.

Edmond H. Orchard, for appellants.

Gray & Brumbaugh, Raymond E. McGrath and Samuel L. Winters, contra.

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and YEAGER, JJ., and LANDIS and MUNDAY, District Judges.

PAINE, J.

Plaintiff brought an action in equity against Serena E. Grabow and several other defendants to obtain certain money held by the Happy Hollow Club and trustees thereof, payment of which to plaintiff was refused because Serena E. Grabow had served notice that her interests in said fund were prior and superior to the interests of plaintiff, and plaintiff asked for $2,000 damages from Serena E. Grabow, and his attorney's fee, for her alleged wrongful interference with his collection of said fund and credits. Serena E. Grabow interpleaded and asked that she be awarded the funds and credits claimed by plaintiff, and other funds and credits alleged to be due her from defendants Orchard. Trial was had and court denied plaintiff damages, denied Serena E. Grabow the prayer of her cross-petition and counterclaim, and ordered all sums in the possession of Happy Hollow Club and its trustees which were due to his father under the will of his grandfather paid to plaintiff.

Harold W. Glissmann filed a petition alleging that Hans C. Glissmann owned a certain tract of land which he sold on a contract to the Happy Hollow Club on July 1, 1922; that upon the death of Hans C. Glissmann he willed his interest in said contract to his children, among whom was his son, Henry C. Glissmann, who on October 15, 1928, assigned all of his right, title and interest in his share of the contract to his wife, Tena E. Glissmann. She assigned this interest on November 3, 1930, to her son, the plaintiff herein, Harold W. Glissmann.

Plaintiff alleges that on March 8, 1927, the Bank of Benson obtained a judgment against Henry C. Glissmann, which it sold to George H. Boland, who attempted to levy on the interest of Henry C. Glissmann in the real estate contracted to be sold to the Happy Hollow Club. After considerable litigation, Boland on June 15, 1938, assigned the judgment he had obtained to this plaintiff, which he now

holds in addition to the interest which he secured from his mother, Tena E. Glissmann.

Plaintiff alleges that the Happy Hollow Club has $1,800 which it is ready and willing to pay over on said contract, being the share now assigned to and owned by the plaintiff; that these payments have not been made to the plaintiff because Serena E. Grabow, aunt of plaintiff and one of the devisees under her father's will, served notice upon the Happy Hollow Club and the trustee not to pay such sum, for the reason that she claims an interest therein by virtue of an agreement which she claims to have entered into with Henry C. Glissmann in January, 1929, which provided that she should pledge her share in the estate of their father as security for him, and in which agreement Henry C. Glissmann pledged his share in said estate to her, giving her full right and authority to sign all necessary papers in accordance therewith.

Plaintiff admits that such an agreement was entered into, but alleges that it was abandoned by all parties, and that Serena E. Grabow has since said time collected all but a few dollars due her on her share in said estate, and that she has no right, interest or title now due in the share assigned to the plaintiff, and charges that said Serena E. Grabow filed her claim knowing that it had no foundation in fact, and that she was not entitled to anything under the abandoned agreement, but that, for the sole purpose of harassing this plaintiff, she put him to the expense of commencing a lawsuit, employing an attorney, and damaged him to the extent of $2,000; that, while she has some money coming under the Happy Hollow Club contract, she is otherwise insolvent, and plaintiff cannot be reimbursed for his expense and damage unless the court orders such damages paid out of the money due her from the Happy Hollow Club. Plaintiff prays that the rights of all parties be determined, and that a decree be entered finding that plaintiff is entitled to the sums in controversy, and that Serena E. Grabow has no right, title or interest therein, and fixing the amount of damage sustained by the plaintiff,

together with his attorney's fee, and directing that the same be paid out of any moneys due Serena E. Grabow under the Happy Hollow Club contract.

F. H. Bauermeister and Henry J. Moeller file answers asking the court to direct to whom money held by each shall be paid.

The Happy Hollow Club in its answer admits the purchase from Hans C. Glissmann of certain real estate under a contract providing for instalments, and alleges that both the plaintiff and Serena E. Grabow claim the right to the payments, and that this answering defendant cannot safely pay such moneys until the rights have been determined by the court.

Serena E. Grabow, by way of answer, cross-petition and counterclaim, admits the family relationships alleged by the plaintiff, and alleges that Henry C. Glissmann assigned his interest in his father's estate to his wife, Tena E. Glissmann, on October 15, 1928, but charges that said conveyance was made without valuable consideration to discourage creditors from attaching his interest to collect debts against him, and that after assigning said interest to his wife he continued to exercise all the rights of ownership, with the written consent and approval of his wife, and that on February 15, 1929, for a valuable consideration, he assigned and transferred all his interest to this answering defendant, said assignment being filed in the office of the register of deeds in Douglas county on October 18, 1929. She further charges that the plaintiff, residing at home with his parents, was fully advised of the true nature and character of the transaction, and is not a good faith purchaser through an alleged assignment of the interests of his father and mother, and denies that the plaintiff, on November 3, 1930, or at any other time, became a good faith purchaser, for a valuable consideration, of the interest in the estate of Hans C. Glissmann conveyed to plaintiff's father by will.

Answering defendant admits that George H. Boland purchased the judgment obtained by the Bank of Benson

against Henry C. Glissmann and Tena E. Glissmann, and denies that plaintiff furnished any part of the consideration for the settlement of the judgment assigned to Boland, and that such purported assignment to plaintiff was made after defendant had served notice on Happy Hollow Club of her rights therein, and was made for the express purpose of defrauding this defendant of her rights in said property given to her under agreement dated January 24, 1929, and executed by Henry C. Glissmann on or about February 15, 1929, in pursuance of which this defendant did on or about March 28, 1929, pledge her share in the estate of her father for the faithful performance of a five-year lease entered into with Edmond H. Orchard for the Valley View Golf Links, which lease was entered into for the benefit of Henry C. Glissmann and Tena E. Glissmann, who have at all times held possession of said real estate and enjoyed the benefits of said lease and of said option to purchase.

Answering defendant further alleges that, because of this assignment, defendant has at all times since March 28, 1929, been deprived of the use and benefit of her interest in the estate of her father. She further alleges in her cross-petition that said Valley View Golf Links was the homestead of Henry C. Glissmann, and was subject to a judgment in favor of the Bank of Benson, and at the solicitation of her brother she bid in said property for $23,725, and her brother Henry failing to furnish money for said bid, she entered into the option agreement with Edmond H. Orchard, putting up collateral to secure the same, and therefore prays that the action of the plaintiff be dismissed, and that defendants Orchard be ordered and directed to release to her her interest in the estate of Hans C. Glissmann and certain other property.

The Happy Hollow Club filed a separate answer, setting up the sums it has retained because of this litigation. John J. Grabow and Edmond H. Orchard were made parties defendant, and answers were filed by Daniel G. Cary and Edmond H. Orchard, and a reply by Harold W. Glissmann.

On October 31, 1939, a decree was entered by the district

court, finding against the plaintiff on his prayer for damages against Serena E. Grabow, but finding for the plaintiff in regard to all sums of money held by Happy Hollow Club and its trustees and others, and directing that all of such sums be paid to the plaintiff. Motions for new trial were filed by the Orchards, Serena E. Grabow and John J. Grabow, which were overruled by the court, and appeals taken.

This case is a companion case to *Glissmann v. Orchard, ante,* p. 344, 297 N. W. 612, and was tried at the same time, on the same evidence, and but one bill of exceptions is prepared for both cases. To save duplication, reference is hereby made to the opinion found in that case, which shall also govern in this opinion as to all points disposed of therein.

As to the many allegations against his aunt, Serena E. Grabow, raised by plaintiff in his long petition, it is quite significant that the bill of exceptions does not disclose that Harold W. Glissmann, the plaintiff, took the witness-stand to support any of these allegations of his petition by his evidence, the only direct support thereof being found in the testimony of his father and mother.

As Henry C. Glissmann's homestead property was in process of foreclosure, and with outstanding judgments of $30,000 to $40,000 against him, according to his own testimony, he turned to his sister, Mrs. Grabow, to save his homestead property, the Valley View golf grounds. He induced her to make a bid at the sheriff's sale, but failed to raise the money to protect her bid, and she was finally induced to go through with it upon the promise of her brother Henry, supported by pledging to her his interest in his father's estate.

On that promise she entered into an agreement for him, which is exhibit No. 5 in the bill of exceptions, and was entered into on March 28, 1929, between Edmond H. Orchard and wife and Serena E. Grabow and husband. It consists of four pages of single-space typewriting, and is too long to set out at length in this opinion. It recites that

Serena E. Grabow has assigned her bid of $23,725, made on October 23, 1928, at sheriff's sale to Edmond H. Orchard, which sale has now been confirmed. It then recites that Serena E. Grabow has an equity of $775 in a contract on a five-acre tract, and has assigned that contract, together with all her interest in the proceeds coming to her from the estate of her father, Hans C. Glissmann, of the value of $5,500, all of which is to be held by Orchard as security for the faithful performance of the conditions of the contract. It is then set out that Orchard leases to Serena E. Grabow the property covered by the sheriff's deed for five years, commencing January 1, 1929, and terminating December 31, 1933, for which she agrees to pay as annual rent $1,650, and also to pay all taxes and assessments levied against the property. She agrees to keep the buildings insured against fire and tornado, and to use and maintain the premises solely for golf and country club purposes, and keep the same in good condition, and it is further provided: "Said first parties further give and grant to the second parties an option to purchase the said properties heretofore described, with all the buildings thereon, at any time during the term of this lease and while the same and the tenancy of the second parties thereunder remain in full force and effect, at and for the purchase price of $26,000.00 dollars; and in case of the exercise of this option by second parties and payment of the purchase price thereon within the time herein provided, thereupon first parties will convey said property to second parties by good and sufficient warranty deed * * *. It being further understood in this connection that in case of purchase by second parties, said second parties shall have the right of using to apply on the purchase price all moneys which have been received by first parties under the Glissmann estate assignment heretofore referred to and which have not been used and applied as hereinafter provided."

Under this contract, in the companion case we have just held that Henry C. Glissmann can redeem his homestead property by complying with the terms of this contract.

To now allow his son to secure the payments due on his father's share which were pledged to his aunt would violate all equitable principles.

By exhibit No. 33, entered into by the two parties, Serena E. Grabow and Henry C. Glissmann, he pledged to her all his rights and share in the estate of his father if she would enter into the contract with Orchard, which she has been compelled to carry out by Orchard, to her great loss.

At the bottom of exhibit No. 33 appears the following:

"The above assignment to Serena E. Grabow on the part of Henry C. Glissmann is hereby approved and I hereby acknowledge and confirm such assignment, this 24 day of January, 1929.

"(Signed)     Tena E. Glissmann.

"Witness to signature. (Signed) J. J. Grabow."

See, also, exhibit No. 37, executed by same parties in January, 1939, to the same effect. This exhibit, received without objection, contains the following statement: "That now, Henry C. Glissmann, in consideration of the making of said contract and other valuable considerations, hereby covenants and binds himself, his heirs and assigns that he will diligently protect and preserve his former original share in said estate with the view that it be not diminished, in particular in any suit at law or outstanding contract or right created against such by any party, and that should such share be diminished, said Henry C. Glissmann hereby specifically covenants with Serena E. Grabow, her heirs and assigns, that he will reimburse said Serena E. Grabow in the dollars and cents whereby such share is lessened."

This exhibit No. 37 was prepared to have Serena E. Grabow put up her share in the estate to secure a bond issue, which fell through, but Henry C. Glissmann got all the benefit of keeping his homestead property under the Orchard contract as he would have secured if the bond issue had gone through as planned, and this exhibit is but one piece of evidence among many which proves the promises made to his sister to help him out.

"Equity seeks the real and substantial rights of the par-

ties, and applies the remedy in such manner as to relieve those having the controlling equities." *National Mortgage Loan Co. v. Hurst,* 120 Neb. 37, 231 N. W. 519; *Weckerly v. Taylor,* 77 Neb. 886, 110 N. W. 738.

"It is an old and well-established principle that equity looks to the substance of things rather than the form, and will endeavor to carry out the real intent and purpose of the parties to a contract." *Empson v. Deuel County State Bank,* 134 Neb. 597, 279 N. W. 293.

"If the plaintiff, or his assignor, has been guilty of any misconduct in connection with the transaction out of which the claim in suit arose, so that the enforcement of such claim would be harsh, unconscionable, and oppressive, a court of equity will either decline to grant any relief whatever or grant it on such terms as may be just and equitable." *Lewis v. Holdrege,* 56 Neb. 379, 76 N. W. 890.

The decree of the district court is hereby reversed and the action dismissed.

REVERSED AND DISMISSED.

On motion to clarify original opinion, the following supplemental opinion was filed July 3, 1941.

PAINE, J.

The opinion in this case was released on April 18, 1941, and is found *ante,* p. 354, 297 N. W. 617. The 40 days for filing motion for rehearing expired on May 28, 1941, and no litigant filed such a motion. However, on May 21, 1941, the appellants filed a motion to clarify the court's opinion, supported by the affidavit of Emmet S. Brumbaugh, and this motion was orally argued to the court on June 2, 1941.

In *Bell v. Dingwell,* 91 Neb. 699, 136 N. W. 1128, this court restated: " 'It is a well-settled principle of equity jurisprudence that where a court of equity has obtained jurisdiction of a cause for any purpose it will retain it for all, and will proceed to a final determination of the case, adjudicate all matters in issue, and thus avoid unnecessary litigation.' *Buchanan v. Griggs,* 20 Neb. 165."

This court had jurisdiction of the parties, and reversed the decree of the district court and dismissed the plaintiff's petition. However, our opinion, in addition thereto, should have disposed of all of the issues between the parties which were set out in the pleadings and supported by the evidence, and in following the approved practice of courts of equity this court has decided to enter this supplemental opinion, and thereby more completely adjust the rights of the parties litigant, to the end that future litigation in regard to the same issues may be avoided.

Therefore, in addition to the entry of the judgment heretofore rendered, and supplemental thereto, judgment is hereby entered in favor of Serena E. Grabow on her counterclaim and cross-petition against the plaintiff and defendants Henry C. Glissmann and Tena E. Glissmann for all moneys due from defendant Happy Hollow Club, Inc., or from defendant Daniel C. Cary, and representing the one-eighth interest of Henry C. Glissmann in the estate of Hans C. Glissmann, whether said moneys are in the hands of F. H. Bauermeister, former trustee, Henry J. Moeller, present trustee, or are still in the hands of Happy Hollow Club, Inc., or Daniel C. Cary; and the district court is further directed to enter judgment in favor of Serena E. Grabow and against defendants Henry C. Glissmann and Tena E. Glissmann for such sums as that court finds have been received by Henry C. Glissmann, Tena E. Glissmann and Harold W. Glissmann from and after March 28, 1929, together with interest thereon from date so received, and which said sums represent payments on the aforesaid share of Henry C. Glissmann in the estate of Hans C. Glissmann.