HENRY C. GLISSMANN ET AL., APPELLANTS, V. SERENA E. GRABOW ET AL., APPELLEES, IMPLEADED WITH HAROLD W. GLISSMANN, INTERVENER-APPELLANT.

CONSOLIDATED WITH O. M. CAMPBELL, APPELLEE, V. EMMA C. SCHLUTER ET AL., APPELLEES, HENRY C. GLISSMANN, APPELLANT.

53 N. W. 2d 94

Filed May 2, 1952. No. 33117.

*Henry C. Glissmann,* pro se, *S. L. Winters,* and *Tesar & Tesar,* for appellants.

*Gray & Brumbaugh,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an action in equity by Henry C. Glissmann and Tena E. Glissmann against Serena E. Grabow and William H. Dorrance, sheriff of Douglas County, to vacate a judgment of the district court because as alleged it was obtained by fraud and false swearing of the judgment creditor, and to enjoin the enforcement and collection of the judgment. Harold W. Glissmann intervened in the case. The matters involved in the case last identified in the caption, not disposed of by agreement of the parties, will be concluded ipso facto by the decision of the appeal in the first case named in the caption. The contesting parties are Henry C. Glissmann, Tena E. Glissmann, and Harold W. Glissmann, appellants, and Serena E. Grabow, appellee.

The judgment sought to be set aside was rendered on the 6th day of October 1948. It was predicated on, and was required by, four opinions and decisions of this court in which the same parties interpleaded and the identical subject matter was involved. The opinions are reported in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617; 139 Neb. 362, 299 N. W. 225; 141 Neb. 288, 3 N. W. 2d 555; and 149 Neb. 131,

30 N. W. 2d 649. There have been three other cases in which the parties to this contest were concerned and in which some of the same subject matter was in controversy. These are Glissmann v. Orchard, 139 Neb. 344, 297 N. W. 612; 152 Neb. 500, 41 N. W. 2d 756; and State ex rel. Grabow v. Dineen, General No. 32572. The decision of this court in the first of these cases was made and became final before the judgment assailed in the present case was rendered. An extensive statement of the facts in the pending case is neither required nor justified because of the disclosure of the transactions of the parties affecting the subject matter to the minutest detail in the prior cases in this court.

The fraud charged against appellee as a basis for relief from the judgment is that she represented and testified in court that she was entitled to her share and also the share of her brother Henry C. Glissmann, appellant, in the estate of their father, Hans C. Glissmann, deceased; that appellant transferred his share to her by an instrument absolutely and unconditionally in consideration of appellee having negotiated for and secured a certain lease and option contract from a Mr. Orchard and his wife for the benefit of her brother; and that she secured the performance of the obligations thereof by pledging to Orchard and his wife the share of appellee in the estate of her father. Appellants allege that no contract or transaction in reference thereto by the appellant and appellee was made or was had and her claims, representations, and testimony in that regard were false and induced and resulted in the judgment in her favor. The district court found that appellants had not sustained their petition and it was by the court dismissed.

All of the claims made by the appellants in their favor in the petition in this case except the allegations thereof charging Serena E. Grabow with fraud and perjury had been, as shown by the decisions of this

court cited herein, adjudicated against appellants before this case was commenced.

The instrument dated January 24, 1929, executed by Henry C. Glissmann and Serena E. Grabow and approved and confirmed by Tena E. Glissmann evidences that Henry C. Glissmann for a recited consideration "hereby sells, assigns and sets over unto said Serena E. Grabow, her heirs or assigns, all right title and interest in and to estate or any share therein of the late Hans C. Glissmann, which he, Henry C. Glissmann, second party herein, may now have or hereafter may accrue to him as heir or creditor of the late Hans C. Glissmann, his father now deceased. And the said second party hereby grants to first party, her heirs or assigns, full right and authority to receive, receipt for or acknowledge any or all necessary papers or matters in connection with or rights accruing in and to said share * * * which share is by these presents assigned herein to said first party, and that said first party in the settlement of said estate or receiving of said share may do the same as second party may have done in the premises * * *."

The claim was made by appellee in a pleading filed by her on May 19, 1938, in the case of Glissmann v. Orchard, 139 Neb. 344, 297 N. W. 612, that her share in the estate of her father pledged by her to Orchard and his wife was her property and should be returned to her, and she asked the court to award it to her and require Orchard and his wife to surrender and deliver to her all property pledged by her and held by them as collateral on account of the option and the lease. In an answer and cross-petition made by appellee on November 9, 1938, in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, she alleged that she became the owner of the share of Henry C. Glissmann by the instrument dated January 24, 1929; that she was the owner thereof, and of any money realized or paid on account thereof; that she had served a copy of the instrument on each of the parties interested in the property con-

stituting the subject matter thereof or of the proceeds therefrom; and that she gave them each notice that she was such owner. She asked the court to adjudge that she was the owner and she was awarded a judgment to that effect. These cases were consolidated for trial, were heard and decided on the same evidence in the district court, and were appealed and decided on one record in this court. Appellants were parties to these cases and they knew that appellee was, when she made her pleadings therein in 1938, claiming to be not only the owner and entitled to the benefit of the share of her brother by virtue of his transfer of it to her but also of her share in the estate of her father.

The final order of the court in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, on the first appeal thereof, was made on July 3, 1941, and a mandate was issued on the 6th day of October 1941. Thereafter on the 4th day of November 1941, appellants made, in the district court, an "APPLICATION FOR STAY OF PROCEEDINGS" because they were going to file their appeal to this court that its decision be clarified and a petition to set aside the judgment rendered on the contention that it had been obtained on the fraud and misrepresentation of Serena E. Grabow; that it would be inequitable and unjust for her to retain her share and obtain the share of her brother which was the meaning and effect of the decision of this court; and that, if the judgment of the court meant the total one-eighth interest of appellee, it included the amount due on the Happy Hollow contract, the Shuler & Cary contract, the balance of the interest in said estate held during the lifetime of the widow of Hans C. Glissmann, deceased, and all payments made to appellee by the trustees since March 28, 1929. They sought a stay until an application for a new trial based on fraud and misrepresentation by appellee could be made and acted on in the district court, and until a petition was made in the

Supreme Court to set aside the judgment for fraud of the prevailing party.

The evidence produced on the trial of this case by appellants in support of their allegations of fraud on the part of appellee was known to them, or they were chargeable with knowledge thereof, and it could have been produced by reasonable alertness and diligence on their part as early as the time when they filed the application for a stay of proceedings in 1941. The explanation of appellants alleged in the petition that "some of the testimony which these defendants (appellants) wish to present was unknown to them * * * and was only discovered within the last few days" is a conclusion and constitutes no legal excuse for their delay in attempting to establish the fraudulent and illegal conduct attributed to appellee by them as early as the year 1941, more than seven years before this suit was brought. The justification for their silence and inaction in this regard, set forth in the petition in this case, is "that said testimony was not introduced in the proceeding before the Master, because that hearing was based upon the previous decision of the Supreme Court, that she (appellee) was only to get one (1) share * * *." The hearing before the master was within the period of May 1 and July 3, 1946. At any rate this part of the petition shows that appellants had "said testimony" before July 3, 1946, and that was more than two years before the time they assert in another part of their petition that it "was only discovered within the last few days" meaning a few days before November 8, 1948.

Appellants have not shown diligence or legal excuse for silence and inaction. In Barr v. Post, 59 Neb. 361, 80 N. W. 1041, 80 Am. S. R. 680, it is said: "In an original suit to annul a judgment, on the ground that it was fraudulently obtained, the plaintiff must allege and prove that he exercised due diligence at the former trial, and that his failure to secure a just decision of the issues was not attributable to his own carelessness or

inaction. * * * A party must, in preparing for trial, proceed on the assumption that his adversary will produce evidence to support his contention. * * * Where all the evidence given on a former trial is not contained in the record under review, the court can not determine whether the judgment rendered on such trial was the result of false testimony." The appellants have in this case failed to meet each of these requirements. In the recent case of Davies v. De Lair, 148 Neb. 395, 27 N. W. 2d 628, this doctrine was again approved and applied: "It is not sufficient for a party seeking the vacation of a judgment or decree to show that it was obtained by the fraud of his adversary, but he must go farther and show that the failure to obtain a just decision is not attributable to his own fault or negligence. * * * It is, as a rule, not sufficient to allege generally that due diligence has been used, but the facts constituting diligence must be set out." See, also, Scudder v. Evans, 105 Neb. 292, 180 N. W. 254; Gutru v. Johnson, 115 Neb. 309, 212 N. W. 622; Weber v. Allen, 121 Neb. 833, 238 N. W. 740; In re Guardianship of Protsman, 136 Neb. 192, 285 N. W. 494; County of Lincoln v. Provident Loan & Inv. Co., 147 Neb. 169, 22 N. W. 2d 609.

The right of appellee to recover the judgment sought to be vacated was determined not by oral testimony but primarily and basically on consideration of and conclusions drawn from a written instrument prepared by Henry C. Glissmann. After its execution by him, his wife, and Serena E. Grabow, it was by him filed for record. That instrument has not been impeached. Its validity was adjudicated years before the pending litigation was commenced. The charge of misconduct of appellee producing the judgment predicated on that instrument was first made by appellants in November 1941. It appears to have then been the product of desperation and the hopelessness of the situation has not lessened with the passing of time or the vicissitudes

of additional litigation. The refusal of the trial court to vacate the judgment is sustained by the record.

The intervention of Harold W. Glissmann concerned his claim that his rights to and ownership of the share of Henry C. Glissmann in the estate of his father were superior to any rights thereto of any other party to this case. The basis of his claimed ownership of the share of his father is an assignment by Henry C. Glissmann to his wife on October 15, 1928, an assignment by her to the intervener on November 3, 1930, the assignment to him of a judgment of the Bank of Benson against Henry C. Glissmann assigned by it to George Boland and by him to the intervener on June 10, 1938, a sale on an execution on the judgment of the one-eighth interest of the proceeds due Hans C. Glissmann at his death under the Happy Hollow Club contract and by him given by will to his son Henry C. Glissmann, and a deed issued to the intervener by the sheriff.

There had been a final adjudication against the intervener before his intervention in this case on November 9, 1950. He claimed the share of his father by the assignment from his mother and also a lien on the share of his father by virtue of the Bank of Benson judgment and its assignment to him in one of the earlier Glissmann cases. Appellee claimed therein that she owned the share of the estate of Hans C. Glissmann given to his son Henry. This court found against Harold W. Glissmann, in favor of Serena E. Grabow, and awarded her judgment for the whole of the property in controversy. Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, on rehearing, 139 Neb. 362, 299 N. W. 225. That this is a correct appraisal of that decision is confirmed in the opinion of this court nearly seven years later on another appeal of the case by this assertion therein: "The effect of this at this time is to say that Serena E. Grabow's assignment was adjudicated to be and was an absolute conveyance to her of the interest of Henry C. Glissmann in the estate of his deceased father which

adjudication is final and conclusive; that Serena E. Grabow obtained a judgment for the unpaid portion of this interest which judgment is final and conclusive; and that Serena E. Grabow also obtained an adjudication that the portion of the interest paid to the three Glissmanns after March .28, 1929, belonged to her which adjudication was also conclusive and final.. The opinion left nothing for later determination except the determination of the amount or amounts which had been received by the three Glissmanns and directed that judgment be rendered for this or these amounts. * * * We must say therefore that Serena E. Grabow is, by valid and now conclusive judgment of this court, entitled to the entire Henry C. Glissmann interest in the estate of Hans C. Glissmann * * *." Glissmann v. Bauermeister, 149 Neb. 131, 30 N. W. 2d 649.

The contention of intervener that because the case of Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, was dismissed as to him that therefore this court made no adjudication against him is, as shown by the quotation last made, wholly without foundation. See, also, Anderson v. Anderson, *ante* p. 1, 50 N. W. 2d 224.

The judgments of the district court in the cases involved in this appeal should be and they are affirmed.

AFFIRMED.