CLARENCE GREB ET AL., APPELLEES, V. LILLIE HANSEN ET AL., APPELLANTS.

FILED JUNE 22, 1932. No. 28427.

*Hoagland, Carr & Hoagland,* for appellants.

*Beeler, Crosby & Baskins, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY and DAY, JJ., and BEGLEY and BLACKLEDGE, District Judges.

DAY, J.

This case is before the court upon a motion to dismiss the appeal for that the appellant has not given a cost bond, as provided by section 20-1914, Comp. St. 1929, which is as follows:

"No appeal or error proceedings in any case taken from the district court to the supreme court shall be allowed, unless the appellant or appellants shall, within three months after the rendition of said judgment or decree or the making of such final order, file in the district court a bond or undertaking in the sum of seventy-five dollars to be approved by the clerk of the district court, conditioned that the appellant shall pay all costs adjudged against him in the supreme court; or, in lieu thereof, shall make a cash deposit with said clerk of at least seventy-five dollars for the same purpose: Provided that if a supersedeas bond is executed no bond for costs shall be required. The giving of either form of bond or the making of such deposit shall be certified to by the clerk of the district court in the transcript for the supreme court. The appeal or error proceedings may be dismissed on motion and notice in the supreme court if no bond has been given and certified in the transcript."

The record in this case discloses that a supersedeas bond was not given. It shows that the decree was entered January 30, 1932, and on February 3, following, the motion for a new trial was overruled. The three months for filing the cost bond expired May 3, 1932, while, according to the supplemental transcript, it was filed May 31, 1932. Prior to the enactment of this statute in 1929, Laws 1929, ch. 72, there was no statutory provision for the filing of a bond for costs on appeal from the district court to the supreme court. A similar provision of the statute provides for an appeal from justice and county courts to the district court and requires the appellant to furnish a bond. Section 21-1302, Comp. St. 1929, provides: "The party appealing shall within ten days from rendition of judgment enter into an undertaking to the adverse party with at least one good and sufficient surety to be approved by such justice in a sum not less than $50 in any case nor less than double the amount of the judgment and costs." This section has been held both jurisdictional and mandatory. *Hier v. Anheuser-Busch Brew-*

*ing Ass'n,* 52 Neb. 144. This case was cited in *Crum v. Johnson,* 3 Neb. (Unof.) 826, in which it was said, without the bond the appellant could not perfect an appeal, for the statute providing for a bond in such cases is both jurisdictional and mandatory."

Another section which provides for the filing of a cost bond is section 20-1701, Comp. St. 1929, which is: "In all cases in which the plaintiff is a nonresident of the county in which the action is to be brought, before commencing such action the plaintiff must furnish a sufficient surety for costs." While the wording of this statute is in its terms as certainly mandatory as is the section under consideration, it is immediately followed in the same chapter by section 20-1702, which is as follows: "An action in which security for costs is required by the next preceding section, or in which a cash bond has been fixed, and has not been given, shall be dismissed on motion and notice by the defendant at any proper time before judgment, unless in a reasonable time to be allowed by the court, such security for costs be given or cash bond be furnished." This section was construed in *Hard v. Hard,* 51 Neb. 412. It was held in that case that, inasmuch as the party for whose benefit the bond was required had the costs taxed against him, there was no prejudice. This statute was construed also in the case of *King Bros. v. Jackson,* 25 Neb. 466, in which it was held that, even though the cost bond was not filed until after the time provided by the order of the court, made upon motion to dismiss for failure to give said bond, the court had not lost jurisdiction of the case. The construction of this statute by the court is obviously correct, since it is apparent from the statute itself that it was not the intention of the legislature to make the requirement of the giving of a cost bond by nonresident mandatory and jurisdictional. The cases construing this section of the statute because of the difference in the provisions thereof are not applicable to this case.

The last sentence of the statute under consideration, "the appeal * * * may be dismissed on motion and notice," must be considered as to its effect upon our interpretation of the statute. Does that indicate that it was the legislative intent that the court may or may not dismiss the appeal or that the court may allow the filing of a cost bond at any time during the proceedings? In sections 20-1701 and 20-1702, the legislative intent was unequivocally expressed, and in the cases cited the court followed it by permitting the filing of a bond thereafter. However, in the controversial statute, language could not be stronger than "no appeal shall be allowed." The legislative intent from those words alone is mandatory and not directory. Does the wording in the latter part, "no bond having been given the appeal may be dismissed," weaken the meaning? It would not seem so. Beal, Cardinal Rules of Legal Interpretation (2d ed.) p. 331, states the rule as: "In construing acts of Parliament, provisions which appear on face of them obligatory, cannot, without strong reasons given, be held only directory." *Baker v. Palmer* (1881) 8 Q. B. D. 9, 51 L. J. Q. B. 110. And the same work quotes from Lord Campbell, at page 434, as follows: "No universal rule can be laid down for the construction of statutes, as to whether mandatory enactments shall be considered directory only or obligatory, with an implied nullification for disobedience. It is the duty of courts of justice to try to get at the real intention of the legislature by carefully attending to the whole scope of the statute to be construed." *Liverpool Borough Bank v. Turner* (1860) 2 D. F. & J. 502, 30 L. J. 379. This court has followed this rule of statutory construction. *State v. School District,* 99 Neb. 338; *In re Arrigo,* 98 Neb. 134. It is the general rule in this country supported by the weight of authority.

In *State v. Amsberry,* 104 Neb. 279, we held that the word "may" in public statutes should be construed "must" whenever it becomes necessary to carry out the intent of the legislature.

In an early case, this court held: "When a fair interpretation of a statute which directs acts or proceedings to be done in a certain way, shows that the legislature intended a compliance with such provision to be essential to the validity of the act or proceeding, or when some antecedent and prerequisite conditions must exist prior to the exercise of power, or must be performed before certain other powers can be exercised, then the statute must be regarded as mandatory." *Hurford v. City of Omaha,* 4 Neb. 336, 351.

The meaning of the word "may" to determine whether a statute is directory or mandatory has occupied the attention of many courts. It has been the subject of much legal literature. We have merely cited a few cases which state the cardinal principles of statutory interpretation. With these fundamental principles in mind, we proceed to interpret this statute. It was the intention of the legislature expressed by the language of the act itself that no appeal shall be allowed except when as a prerequisite condition a cost bond should be filed. It was the intent of the legislature that only by the performance of certain acts could the appellate power of the supreme court be invoked. True, we have held that jurisdiction is conferred on the supreme court by the filing of a transcript. But that transcript must show on its face, among other things, that the appeal is from a final order, that it was filed in time, and now as provided by this statute that a cost bond was filed by appellant within three months. It was not the intention of the legislature to refer the matter of furnishing a cost bond within a certain time to the discretion of the appellant or to the court. Where a cost bond is not furnished, no appeal shall be allowed, and the court may (meaning must) dismiss the appeal.

Motion to dismiss appeal

SUSTAINED.