F. H. BAUERMEISTER, TRUSTEE, ET AL., APPELLEES, V. C. B. McDONALD, SHERIFF, ET AL., APPELLANTS.

FILED NOVEMBER 25, 1932. No. 28271.

*Votava & McGroarty,* for appellants.

*B. N. Robertson, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ., and RYAN, District Judge.

RYAN, District Judge.

This is an action brought by the appellees to enjoin the defendant sheriff from selling on execution the alleged interest of Henry C. Glissmann and Tena E. Glissmann in certain real estate in Douglas county, Nebraska. The judgment levy was made on July 17, 1931.

The material facts in the case may be briefly stated as follows: The appellant George Boland is the owner of a judgment secured by the Bank of Benson against Henry C. Glissmann and Tena E. Glissmann, his wife, on March 8, 1927, in the district court for Douglas county, Nebraska. Hans C. Glissmann, the father of the judgment debtor Henry C. Glissmann, in his lifetime had been the owner of the real estate in question. On June 22, 1922, he sold this land, consisting of approximately 108 acres,

to the Happy Hollow Club upon contract for the sum of $85,000. The last payment on this contract was due July 1, 1932. Possession of the premises was delivered on March 1, 1923. The Happy Hollow Club has been in possession of the premises since that time and had made all of the payments due under the contract up to the time of the levy and the institution of this action. The contract provided that upon payment in full of the purchase price a warranty deed be executed and delivered to the Happy Hollow Club.

Hans C. Glissmann died testate on June 15, 1928. At the time of his death there remained unpaid on the purchase price of said real estate the sum of $42,000. Objections to the probate of the will of the deceased were filed by the judgment debtor, Henry C. Glissmann. A settlement of this contest was effected on October 1, 1928, and the objections were withdrawn. Henry C. Glissmann was at the time of his father's death indebted to him in the sum of $12,000. On October 15, 1928, Henry C. Glissmann executed a written assignment to his wife, Tena E. Glissmann, in which, for a consideration of $11,000, he assigned to her all his right, title and interest in the estate of Hans C. Glissmann, deceased, which assignment was filed in the office of the county judge of Douglas county, Nebraska, on October 16, 1928.

The will of Hans C. Glissmann was admitted to probate and the estate was finally closed on March 9, 1929. After the estate had been closed, the interested parties by contract designated F. H. Bauermeister, one of the plaintiffs in this action, as trustee to collect the balance due on the Happy Hollow Club contract, and he accepted this trust and is now acting in the capacity of trustee. It is stipulated that he was a proper party to bring this action.

The material parts of Hans C. Glissmann's will are as follows:

"Second. I give, devise and bequeath that part of my estate which consists of my contract with the Happy Hollow Club, after the payment in paragraph number 'First'

hereof shall have been made, and after the amount of the costs of administration of my estate shall have been deducted therefrom, as follows: To my wife, Catherine Glissmann, three-eighths. * * * To my son, Henry Christian Glissmann, one-eighth. Subject, however, to any advancements which I have heretofore made to any of my said children. * * * The foregoing bequests to my children, however, are subject to the following conditions: Whereas, I have become surety for debts and obligations assumed by some of my children; and whereas, it is my desire to treat them all alike in the disposition of my estate, it is my will, and I hereby direct that if my estate should at any time become charged with and compelled to pay any of the obligations which I have assumed for any of my said children, that then the amount so chargeable to my estate shall be considered as an advancement to the child on whose account the obligation was originally incurred by me and shall be deducted from the share of said child in and to my estate."

"Fourth. All the rest, residue and remainder of my estate, whether real, personal or mixed, and wheresoever situated, I hereby devise and bequeath to my wife, Catherine Glissmann, to be hers absolutely and forever."

On June 19, 1931, execution was issued upon the judgment herein referred to, and the defendant sheriff levied on "all the interest of Henry C. Glissmann and Tena E. Glissmann" in the real estate in question, subject to the rights of the vendee. The trial court entered a decree December 4, 1931, finding that the judgment debtors, Henry C. Glissmann and Tena E. Glissmann, had, at the time of the levy and execution upon the premises and at the time of the trial, only an equitable interest in said real estate, that such interest was not subject to sale on execution, and enjoined the sale of the same. From this decree the defendants appeal.

The main question presented for determination in this case is whether or not Henry C. Glissmann was by the will of his father given an interest in the real estate

which is subject to levy and sale on execution. The material part of the settlement entered into between Henry C. Glissmann, the judgment debtor, and Catherine Glissmann, the executrix named in the will of deceased, entered into on October 1, 1928, is as follows:

"For value received, the receipt whereof is hereby acknowledged by both parties, each to the other, the parties hereto settle all their controversy and all claims and obligations existing in favor of one and against the other, between themselves, as affects their personal affairs or the affairs of the estate of Hans C. Glissmann, deceased; and the second party (Catherine Glissmann) hereby surrenders to the first party (Henry C. Glissmann) all promissory notes and other evidence of indebtedness due or to become due to the estate of the said Hans C. Glissmann, deceased, or in favor of second party, as executrix or otherwise."

It follows, from this agreement, any claim of the estate against Henry C. Glissmann for an advancement or an indebtedness to the estate was canceled and he received his full share of the estate under the will of his father. At the time of his death Hans C. Glissmann retained the legal title to the real estate in question. The legal title to the real estate, which he held as security for the payment of the balance of the purchase price, would follow the disposition of the contract, and would vest, as a matter of law, in the beneficiaries named in the second paragraph of the will. *First Nat. Bank of Falls City v. Edgar,* 65 Neb. 340.

The judgment under which the levy was made was secured on March 8, 1927. Unquestionably, any judgment that might have been recovered against Hans C. Glissmann in his lifetime would have been a lien upon this real estate to the extent of the unpaid purchase price due from the Happy Hollow Club. *Courtnay v. Parker,* 16 Neb. 311; *Olander v. Tighe,* 43 Neb. 344; *Wehn v. Fall,* 55 Neb. 547. In this last case it was said: "A judgment of the district court, against a vendor of land, who re-

tains the legal title, attaches as a lien to such land, and, as against a vendee in possession with actual notice, may be enforced to the extent of the unpaid purchase price." After the judgment, at the time Henry C. Glissmann settled the controversy with reference to the will contest and his indebtedness to his father with the executrix, he received his full share of the estate under the will of his father. The testator was vested with the legal title to this land at the time of his death, and there appears to be no reason why a judgment creditor of Henry C. Glissmann would not have the same rights with regard to his interest in this real estate as a judgment creditor of the testator would have had during the lifetime of Hans C. Glissmann.

The appellees contend, and this probably was the view taken by the learned trial court, that the legal title to the real estate in question vested in Catherine Glissmann, in trust for the Happy Hollow Club when it should have completed the payments due under this contract. An examination, however, of the fourth paragraph of the will of the testator fails to disclose the expression of any such intention. There is no language whatever in that paragraph which indicates any intention on the part of the testator to create such a trust. The language used shows that it was the absolute and express intention of the testator that his widow should take such property as would vest under that clause absolutely as her own.

Under the decisions of this court above cited, we conclude that the judgment debtor, Henry C. Glissmann, had, at the time of the levy, such an interest in the real estate in question as could properly be levied upon and subjected to the payment of the judgment of the defendant Boland, subject to the rights of the other heirs and of the Happy Hollow Club under its contract.

The decree of the district court is reversed and the cause remanded for further proceedings in conformity with this opinion.

REVERSED.

The following opinion on motion for rehearing was filed March 10, 1933. *Rehearing denied.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ., and RYAN, District Judge.

PER CURIAM.

On consideration of motion for rehearing filed in this case, the court is satisfied that the opinion heretofore adopted, *ante,* p. 142, is, in all respects, substantially correct, and it is adhered to. However, it appears that inadvertently there has been an unimportant confusion of terms employed therein, and that the word "heirs" was used when the term "devisees" should have been employed. Accordingly, the first and second paragraphs of the syllabus of this case will be corrected to read as follows:

"1. Where the vendor of real estate executes to the vendee a contract for a deed, reserving the legal title in himself, and where no deed has been executed by him, upon the death of such vendor testate, the legal title vests in his devisees if such were designated in his will.

"2. The lien of a judgment, obtained against a devisee of such vendor, attaches to the extent of the share of the unpaid purchase money on that share of the contract devised to such devisee by the vendor."

REHEARING DENIED.