HAROLD W. GLISSMANN, APPELLANT, v. CHARLES B. McDONALD, SHERIFF, ET AL., APPELLEES.

FILED APRIL 5, 1935. No. 29205.

*S. L. Winters,* for appellant.

*Votava & McGroarty* and *George Boland, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ.

PAINE, J.

This is an action to enjoin the sheriff, and also the assignee of the judgment, from collecting said judgment by execution. The trial court denied the injunction, and plaintiff appeals.

Hans C. Glissmann had owned certain land west of Omaha for many years, and sold 108 acres on June 22, 1922, to the Happy Hollow Club for $85,000 on a contract of purchase, the deferred payments extending to

July, 1932, and the vendor agreed to give a warranty deed upon the completion of all payments.

Hans C. Glissmann died June 15, 1928, and at that time there remained $42,000 due from the Happy Hollow Club. In his will he left an undivided interest to the judgment debtor, Henry C. Glissmann, his son, who filed objections to the probate of the will.

On March 8, 1927, the Bank of Benson secured a judgment against said Henry C. Glissmann and Tena, his wife. On October 21, 1927, the Bank of Benson became insolvent. On December 29, 1930, George Boland, appellee herein, purchased and received assignment of the said judgment for $3,853.06 so secured by the Bank of Benson. On October 31, 1928, an execution was issued upon this judgment, and on the same day it was returned unsatisfied. On May 28, 1931, a second execution was issued thereon, and on June 10, 1931, a return was made, showing that the sheriff had levied upon the real estate set out therein, sold to the Happy Hollow Club, but that he had been enjoined from selling the property, and made a return without further action.

Said case was appealed to the supreme court, and our decision appears in *Bauermeister v. McDonald,* 124 Neb. 142, in which it was held that the defendant George Boland had a lien on the interest of Henry C. Glissmann in and to the above described real estate.

In pursuance of said opinion of this court, and on March 24, 1933, a third execution and order of sale were issued to the sheriff of Douglas county, directing him to levy and sell as upon execution any real estate belonging to Henry C. Glissmann and Tena E. Glissmann, and in pursuance thereto on March 31, 1933, he levied upon their interest in the land sold to the Happy Hollow Club, and the petition for injunction was denied.

On September 29, 1928, all of the devisees entered into a written contract, the substance of which was that they settled all their differences in the estate and appointed a trustee, F. H. Bauermeister, and gave him a contract

giving him general powers to collect the balance due from the Happy Hollow Club, including the right to enforce any collections by suit if necessary. It is clear that said trustee in the case of *Bauermeister v. McDonald, supra,* represented Henry C. Glissmann as one of the devisees, under section 20-304, Comp. St. 1929.

One of the questions to be decided in this case may be stated briefly as follows: That if an oral agreement is entered into in good faith between a husband and wife and her father that moneys loaned by the father to the husband will be repaid, and in the event that they are not repaid the father shall charge his daughter with the amount loaned her husband against her distributive share of his estate; and if, in addition, the husband on his part agrees that any sums so charged against the wife's share of her father's estate will be repaid to her out of his share in his own father's estate; under such a state of facts, is this agreement valid and enforceable, and is it a superior lien to a judgment subsequently obtained against the husband's share in his father's estate? The appellant contends that it is, and cites, among the cases in support thereof, *Dayton Spice-Mills Co. v. Sloan,* 49 Neb. 622, and *Farmers & Merchants Irrigation Co. v. Brumbaugh,* 77 Neb. 702.

On the other hand, the appellees insist that the evidence of Henry C. Glissmann and Tena, his wife, does not support the claim made, for although her father, Henry Kuehl, did loan Henry C. Glissmann various amounts, there was no legal agreement on the husband's part that she should have a lien on his share of the property coming to him from his father's estate. In response to the question, "What did he promise?" Tena Glissmann made answer, "That he would pay me back if he ever had anything, and we inherited anything that he would pay me back."

Can it now be successfully contended that at that time Henry C. Glissmann could know whether he would ever get anything out of his father's estate, as his father was

then living? It is our opinion that this language falls far short of creating an equitable lien or ownership in Tena E. Glissmann on the property inherited by Henry C. Glissmann.

In *Mihan v. Great Western Sugar Co.*, 121 Neb. 109, this court set out that, among the requisites to establish an equitable lien, it must first clearly appear that it was the intention to charge a particular fund with the lien; next, that there was a distinct appropriation of that fund *pro tanto* by the one entitled to it, and that this should be done by giving an order on a specific fund, or transferring it so that the holder of the fund is authorized to pay it directly to the assignee without any further intervention. In other cases it has been held that a mere naked promise to pay an existing debt out of a particular fund, unaccompanied by any words of transfer, does not operate to create a lien thereon or work an equitable assignment thereof. *Phillips v. Hogue,* 63 Neb. 192; *Smedley v. Speckman,* 157 Fed. 815.

Henry C. Glissmann assigned all his interest in his father's estate to his wife, Tena E. Glissmann, for a consideration of $11,000, in part satisfaction of a debt he owed her of $17,000, and on November 3, 1930, Harold W. Glissmann, their son, secured an assignment from his mother of all of her interest therein, and for that reason is the sole appellant herein. The estate of Hans C. Glissmann was closed March 9, 1929.

The evidence also indicates that up to the time of his written assignment to his wife, Tena, on October 15, 1928, Henry C. Glissmann exercised full control over the property in his father's estate which he had inherited. The appellant insists that he had made this transfer to his wife, Tena, prior to the time the judgment of the Bank of Benson attached thereto, and insists that the judgment was not a specific lien, but merely a general lien, subject to all prior liens, whether legal or equitable; that the lien merely conferred the right to levy on the real estate of the judgment debtor to the exclusion of

other adverse interests subsequent to the judgment, and cites in support thereof *Metz v. State Bank of Brownville,* 7 Neb. 165.

But section 20-1504, Comp. St. 1929, provides that the property of the debtor within the county where the judgment is entered shall be bound for the satisfaction thereof from the day on which such judgment is rendered, and that a judgment shall be considered rendered when it has been entered on the judgment record, and it is also a rule that the lien of a prior judgment attaches the instant the judgment debtor acquires the property. The bank secured this judgment on March 8, 1927.

In *Bauermeister v. McDonald, supra,* it was held that the lien of the judgment had attached to the extent of the share of the unpaid purchase money on that share of the contract which was devised to Henry C. Glissmann by his father, Hans C. Glissmann. It must also be considered that Tena E. Glissmann is a judgment debtor as well as her husband, Henry C. Glissmann, and in that decision this court also held that the proper procedure was to levy an execution, which the sheriff, appellee, attempted to do in this case in strict accordance with our former decision.

It is further insisted by the appellees that in the former case trustee Bauermeister should have set forth all of the reasons why the defendant Boland had no lien on the property, and that the appellant is now estopped to assign different and additional reasons to sustain these contentions, as Bauermeister in the former case represented the Glissmanns therein. *Dutch v. Welpton,* 121 Neb. 480.

In our opinion, the appellant does not have a lien on this interest of Henry C. Glissmann in the property attached superior to the judgment lien of George Boland, appellee, who is entitled to levy an execution thereon. Finding no error in the record, the action of the trial court is hereby

AFFIRMED.