TENA E. GLISSMANN, APPELLANT, V. HAPPY HOLLOW CLUB ET AL., APPELLEES.

271 N. W. 431

FILED FEBRUARY 19, 1937. No. 29870.

*S. L. Winters,* for appellant.

*Frank H. Woodland, Votava, McGroarty & Sklenicka* and *George Boland,* contra.

Heard before GOSS, C. J., EBERLY, DAY, PAINE and CARTER, JJ., and ELDRED and CHASE, District Judges.

CARTER, J.

This is a suit in equity brought for the purpose of determining the priority of two judgment liens against the interest of Henry C. Glissmann in certain real estate sold to the Happy Hollow Club on contract. From a decree finding that the defendant George Boland had a lien prior to that of the plaintiff, plaintiff appeals.

Other phases of this case have been before this court on two previous occasions. *Bauermeister v. McDonald,* 124 Neb. 142, 247 N. W. 424; *Glissmann v. McDonald,* 128 Neb. 693, 260 N. W. 182.

The record shows that Hans C. Glissmann was the owner of certain lands near Omaha which he sold to the Happy Hollow Club by contract on June 22, 1922. Hans C. Glissmann died on June 15, 1928, at which time a considerable sum remained unpaid on the contract. By his will his son, Henry C. Glissmann, received an undivided one-eighth interest in the lands, subject to the contract with the Happy Hollow Club.

On March 8, 1927, the Bank of Benson procured a judgment against Henry C. Glissmann and Tena E. Glissmann, his wife, in the amount of $3,842.06. The Bank of Benson subsequently assigned this judgment to the defendant George Boland. The record conclusively establishes that this judgment has been kept alive by a series of executions issued and levies made thereon over a period of years.

The record further shows that on December 6, 1922, one H. F. Davis obtained a judgment against Henry C. Glissmann in the district court for Douglas county in the amount of $4,070.67, and the mandate of the supreme court affirming said judgment was filed on May 21, 1926. This judgment was assigned to Chris H. Kuehl on July 15, 1927, and the assignment filed in the case on March 24, 1933. On October 19, 1928, this judgment was assigned by Chris H. Kuehl to Tena E. Glissmann and the assignment filed in the case on November 29, 1932. No execution was ever issued upon this judgment and it is conceded that it became dormant and was not revived until September 27, 1935.

The interest of Henry C. Glissmann in the real estate involved in this action vested on June 15, 1928, the date of the death of his father. The judgments in question could become a lien thereon for the first time on that date. Assuming that both judgments were liens of equal priority on that date, as contended by plaintiff, the question is whether defendant Boland's lien became superior to that of Tena E. Glissmann when the judgment owned by her became dormant.

A noted text-writer states the rule as follows: "In those jurisdictions where a judgment, in order that its lien may continue, must be periodically revived, the lien of a judgment not revived within the statutory time will be superseded by the lien of younger judgments in full original life or which have been duly revived." 1 Black, Judgments (2d ed.) sec. 458.

Another text-writer states the rule in this language: "After the lien of a judgment has expired its priority is lost. A junior lien placed upon the land after the expiration of such time takes precedence, and the former judgment cannot then be revived by its owner so as to stand as the first lien." 15 R. C. L. 812, sec. 276.

This court has said: "It is obvious that in case a judgment creditor fails for more than five years after the date of his judgment to sue out an execution, the judgment becomes dormant and ceases to be a lien upon the real estate

of the defendant. We see no escaping the conclusion that where a judgment becomes dormant its lien is thereby lost as against a mortgage made by the debtor during the life of the judgment." *Flagg v. Flagg,* 39 Neb. 229, 58 N. W. 109.

In *Horbach v. Smiley,* 54 Neb. 217, 74 N. W. 623, this court also said: "It is true some of the judgments embraced in this class became dormant and, for a time, ceased to be liens upon the premises. *Flagg v. Flagg,* 39 Neb. 229. But these judgments were subsequently revived, which had the effect to reinstate the liens upon the real estate from the date of the order of revivor."

In *Halmes v. Dovey,* 64 Neb. 122, 89 N. W. 631, this court said: "The judgment lien is created by statute, and is destroyed by statute if an execution thereon is not taken out within five years from the date of the judgment, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of taking out of another execution thereon. If execution is not taken out in the time limited by the statute, the judgment becomes dormant, and the judgment lien is destroyed. This dormant judgment may be revived, but when so revived it will operate as a lien only on the real estate which the judgment debtor may own at the time of the revivor." While this case is not squarely in point, it indicates that a revived judgment becomes a new lien on the real estate of the judgment debtor on the date of its revivor and that it is inferior to other liens existing prior to that date.

We necessarily conclude that plaintiff lost her judgment lien that attached on June 15, 1928, when the judgment became dormant. When her judgment was revived on September 27, 1935, a new judgment lien attached as of that date. It is, therefore, subsequent to the lien of the judgment owned by the defendant Boland which attached on June 15, 1928.

Counsel for appellant contends that Tena E. Glissmann was a married woman and that she owned no separate estate at the time she signed the note on which the defend-

ant Boland's judgment is based, and 'that George Boland cannot levy on the after-acquired property of Tena E. Glissmann to satisfy his judgment. It must be borne in mind that Henry C. Glissmann acquired the real estate by inheritance on June 15, 1928, and that the Boland judgment became a lien at that time and has been continued as such up to the trial of this case. Any purchase made by Tena E. Glissmann was subject to Boland's judgment lien. The question of Tena E. Glissmann's liability on the judgment is therefore immaterial in this case.

Other contentions made by plaintiff are without merit. The judgment of the district court is in all respects correct and it is

AFFIRMED.