HAROLD W. GLISSMANN, APPELLANT, V. F. H. BAUERMEISTER ET AL., APPELLEES: HENRY C. GLISSMANN ET AL., APPELLANTS.

3 N. W. (2d) 555

FILED APRIL 17, 1942. No. 31387.

*Samuel L. Winters* and *Gordon A. Nicholson,* for appellants.

*Gray & Brumbaugh, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

PAINE, J.

This cause came on to be heard before this court by the argument of a motion of Serena E. Grabow and John J. Grabow, defendants, to dismiss the appeal of Harold W. Glissmann, plaintiff, upon the ground that a transcript of proceedings had in the district court, and from which this appeal was taken, was not filed in this court within the period of three months from the entry of the order by the district judge.

This is the first case coming before this court involving the new statute on the question at issue. Under the law as set out in section 20-1912, Comp. St. 1929, a transcript must be filed in the supreme court within three months from the rendition of the judgment, or decree, or final order, or within three months from the overruling of a motion for a new trial. It further provided that the filing of such transcript

was the act which conferred jurisdiction in said cause upon the supreme court, and under this law, the filing of the transcript being made after three months, this court would not acquire jurisdiction.

The legislature of Nebraska of 1941 amended this section to change the entire procedure of bringing a case to the supreme court, as shown in section 20-1912, Comp. St. Supp. 1941. This amended section, so far as it applies to the case before us, provides that, within three months from the making of a final order or the overruling of a motion for new trial, a notice of intention to prosecute such appeal shall be signed by the appellant or his attorney, and such notice of intention to appeal shall be filed in the office of the clerk of the district court, with the deposit of the docket fee of $20, required by law in appeals to the supreme court. It is further provided that, after such docket fee and notice of appeal have been filed in the office of the clerk of the district court, the supreme court shall have jurisdiction of the cause, and after an appeal has been so perfected it cannot be dismissed without notice, and no step other than the filing of such notice of appeal and deposit of such docket fee shall be deemed jurisdictional, and the clerk of the district court shall forthwith forward the docket fee and a certified copy of the notice of appeal to the supreme court, which shall forthwith docket such appeal.

Such amended section further provides that the appellant shall file a certified transcript with the clerk of the supreme court within three months, and that neither the form nor substance of the transcript shall affect the jurisdiction of the supreme court.

It is thus to be seen that under the new law the filing of the notice of appeal and the depositing of the docket fee with the clerk of the district court constitute the only jurisdictional steps to get a case into the supreme court.

It is therefore clear that the filing of the transcript in this case, which was not filed on February 5, 1942, but was filed on February 18, presents not a jurisdictional question, but simply one of procedure in the court.

This case was decided in an opinion released April 18, 1941, and found in 139 Neb. 354, 297 N. W. 617, and this opinion was supplemented by a further opinion, disposing of all matters involved, released in this court July 3, 1941, and found in 139 Neb. 362, 299 N. W. 225.

The matter came on before the district court for Douglas county, together with an application for an order to stop payment of moneys paid into court by the appellant and an application for a stay of proceedings by the appellant, and objections of Serena E. Grabow and John J. Grabow in resistance of said motion, and moving the court to obey the mandate of the supreme court, and to forthwith pay to Serena E. Grabow $3,106.17 that had been theretofore paid to the clerk of the court by the Happy Hollow Club, Inc., and other sums as directed in the judgment of this court, and thereupon a hearing was had on all such matters on November 4, 1941, and a final order was entered by the district judge, denying the application of the appellant, and directing Robert Smith, clerk of the district court, to pay out certain sums of money in accordance with the decision of this court, and to pay the same, without any further order or direction of the court, to Serena E. Grabow upon her signing said docket therefor.

Thereupon, a supersedeas bond was filed by the appellants in the sum of $4,000, which bond was approved by the clerk of the district court on November 4, 1941.

On November 26, 1941, there was filed in the office of the clerk of the district court for Douglas county notice of intention to appeal, signed by Harold W. Glissmann, Henry C. Glissmann and Tena E. Glissmann, by their attorneys, Samuel L. Winters and Gordon A. Nicholson. This notice of appeal and supreme court docket fee of $20, which was forwarded to the clerk of this court and filed by him on November 28, 1941, gave the supreme court jurisdiction of the case.

On February 9, 1942, there was filed in this court motion of appellees, Serena E. Grabow and John J. Grabow, to dismiss the appeal because of the failure and neglect to file the transcript in this court within three months from the entry

of the order, which was entered on November 5, 1941.

In opposing said motion to dismiss, there is the affidavit of Henry C. Glissmann and the affidavit of Samuel L. Winters, his attorney, filed March 5, 1942, being three days after the motion was argued in this court, but consent having been given by this court that such affidavits might be immediately filed.

The affidavit of Samuel L. Winters sets out that promptly upon the announcement of the judgment of the district court on November 4, 1941, notice of appeal was filed and $20 costs in the supreme court was deposited with the clerk of the district court for Douglas county; that thereupon Samuel L. Winters, attorney, instructed Henry C. Glissmann, his client, to order a transcript from the clerk of the district court of the proceedings, but that said client misinterpreted his attorney's instructions, and ordered from the court reporter a bill of exceptions of the evidence that was offered before District Judge Dineen in support of the objections which had been filed in opposition to carrying out the order; that at some time later such attorney found out that Henry C. Glissmann, his client, had made a mistake, and in checking up the record found out that February 4 was the last date for the filing of the transcript with the supreme court, and thereupon requested the clerk of the district court to prepare a transcript forthwith, but such clerk at first claimed that, three months having gone by, they would have no authority to prepare the transcript, but later clerks in his office were directed to prepare the transcript, which was done, and said transcript was filed in this court as of February 18, 1942.

In the affidavit filed in this court March 5, 1942, by Henry C. Glissmann, one of the litigants, it is set out that he is acting for his son, Harold W. Glissmann, the plaintiff, and that his attorney, Samuel L. Winters, instructed him to go with Attorney Nicholson, who was associated with Samuel L. Winters in trying the case, and fix up a notice of appeal and deposit the $20 in the clerk's office, and order a transcript of proceedings; that in pursuance of such instructions the af-

fiant and Attorney Nicholson went to the clerk of the district court and filed the notice of appeal and paid the $20 docket fee, and then Attorney Nicholson instructed the affiant to go to the court reporter and get a transcript of the evidence and proceedings had in that court, and affiant followed such instructions, and that later, when it was discovered that the transcript had not been prepared, it was then February 5, and Miss Darr, in charge of transcripts, said that one day had gone by and the time had expired, but that the matter was taken up with Miss Ryan, and then with Robert Smith, the clerk, and that Samuel L. Winters, the attorney, then showed the new statute to Robert Smith, and that finally an order was given for preparing the transcript, which was done after the three months had expired.

In the opinion of this court in the case of *Power v. Federal Land Bank, ante,* p. 139, 2 N. W. (2d) 924, in which a motion for a new trial was not filed within three days, this court held that press of other law business on the part of attorneys would not be considered as an excuse for not filing the motion for new trial.

In the case at bar, we feel that, between the instructions given their client, Henry C. Glissmann, by two competent attorneys, in some way the client misunderstood the instructions from his counsel, and ordered the bill of exceptions from the court reporter instead of a transcript from the clerk of the district court, and that this mixup and failure to secure a transcript was an error which could easily have been discovered by either attorney calling the office of the clerk of the district court by telephone and asking whether the proper transcript was being prepared, and discovering at once, and in ample time to correct, the mistake which was being made.

We said in *Power v. Federal Land Bank, supra,* that this court is reluctant to deprive a litigant of a hearing on the merits of his case by disposing of the case on a motion, but in the case at bar we cannot overlook the records in this court, showing that six opinions have already been handed down in the last ten years on various phases of the matters

in litigation, to wit: (1) *Bauermeister v. McDonald*, 124 Neb. 142, 247 N. W. 424, being case No. 28271, decided in 1932; (2) *Glissmann v. McDonald*, 128 Neb. 693, 260 N. W. 182, No. 29205, decided in 1935; (3) *Glissmann v. Happy Hollow Club*, 132 Neb. 223, 271 N. W. 431, No. 29870, decided in 1937; (4) *Glissmann v. Orchard*, 139 Neb. 344, 297 N. W. 612, No. 30934, decided in 1941; (5) *Glissmann v. Bauermeister*, 139 Neb. 354, 297 N. W. 617, No. 30935, decided in 1941; (6) *Glissmann v. Bauermeister*, 139 Neb. 362, 299 N. W. 225, No. 30935, decided in 1941.

Under all the circumstances, and considering that the excuses set forth in the affidavits have little merit, we have reached the conclusion that the motion to dismiss this appeal should be sustained on the ground that the affidavits filed do not give a valid and sufficient excuse for failing to file the transcript within three months, as provided by law. Motion to dismiss the appeal sustained.

APPEAL DISMISSED.