JULE ROBINSON, APPELLANT, V. H. F. MEYER ET AL.,
APPELLEES.

88 N. W. 2d 219

Filed March 7, 1958. No. 34260.

*Spear, Lamme & Simmons,* for appellant.

*Sidner, Lee, Gunderson & Svoboda,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Subsequent to the filing of the former opinion in this case, Robinson v. Meyer, 165 Neb. 706, 87 N. W. 2d 231, the plaintiff filed a motion for a rehearing and a motion for leave to file a supplemental transcript. These motions present questions requiring disposition by a further opinion by this court.

The plaintiff filed his notice of appeal on May 10, 1957. On May 31, 1957, the transcript of the proceedings on file in the office of the clerk of the district court of Dodge County was filed in this court. On August 22, 1957, plaintiff filed a supplemental transcript containing an instruction requested by the plaintiff. The case was argued and submitted to this court on December 3, 1957. The opinion of this court affirming the judgment of the district court was filed on December

27, 1957. A motion for rehearing, which included a motion to file a second supplemental transcript, was filed on January 15, 1958. On January 29, 1958, plaintiff filed a separate motion for leave to file a second supplemental transcript.

The second supplemental transcript which has been tendered to the court for filing contains an amended motion for a new trial by the plaintiff in the district court. The instructions given by the trial court are therein properly alleged to be erroneous as grounds for a new trial.

The rules of the Supreme Court provide that supplemental transcripts may be filed at any time without leave of court before submission of the case, but thereafter leave must be obtained. Rule 4 c, Revised Rules of the Supreme Court for 1957. The question presented is whether or not the plaintiff should be permitted to file a supplemental transcript after the case has been submitted and a decision rendered.

It is the duty of the clerk of the district court to prepare and file a certified transcript with the Clerk of the Supreme Court. § 25-1912, R. R. S. 1943. Such a transcript was so filed in the present case in accordance with a praecipe filed by the plaintiff. The praecipe did not include, nor did the clerk of the district court certify, the amended motion for a new trial as a part of the transcript. On August 22, 1957, plaintiff filed a supplemental transcript containing a requested instruction which was offered but not given by the trial court. At no time prior to the submission of the case did plaintiff attempt to have the amended motion for a new trial included in the transcript.

The filing of a transcript in this court is not a jurisdictional act. If a transcript is filed out of time, or not at all, or if a defective one be filed, due to the fault of the clerk of the district court, this court will ordinarily permit a proper transcript to be filed where the requesting party is free from negligence. Gliss-

mann v. Bauermeister, 141 Neb. 288, 3 N. W. 2d 555.

In this case the clerk of the district court filed a transcript in this court in accordance with the praecipe filed by the plaintiff. The plaintiff had the transcript in his possession on and after August 3, 1957, for use in the preparation of his brief. On August 22, 1957, he filed a supplemental transcript containing a requested instruction which was refused by the trial court. During all the time thereafter until the date of argument of the case, plaintiff took no steps to bring his amended motion for a new trial to the attention of this court by supplemental transcript. He briefed the question of the correctness of the instructions, although any alleged error in their giving was not properly assigned. He negligently and carelessly failed to discover the inadequacy of the record to raise alleged errors in the instructions. No adequate cause is shown to excuse the failure of the plaintiff to have the record in order so as to properly present the alleged errors committed by the trial court on or before the submission of the case to this court. The fault is that of the plaintiff and not that of any public officer.

Where a transcript is deficient, either as to content or time of filing, because of the negligence of a party to the action, this court will not ordinarily permit a supplemental transcript to be filed after the cause has been submitted to the court on its merits, in the absence of a reasonable excuse which due diligence would not have prevented. It is not the practice of courts to try cases piecemeal and thereby permit a litigant who has submitted his case and taken his chances on the outcome, to thereafter, after an adverse decision, raise new issues and seek a more favorable result on different grounds. Adequate cause has not been shown to entitle plaintiff to the remedy he seeks. The motion for leave to file a supplemental transcript is denied.

Our former opinion contains the following: "In fact, the transcript of the proceedings in the trial court does

not show any proposed instructions which were requested by the plaintiff." The record shows that on August 22, 1957, a supplemental transcript containing one requested instruction was filed in the office of the Clerk of the Supreme Court. To this extent our former opinion is in error. However, we desire to point out that the motion for a new trial fails to allege error by the trial court in refusing to give any requested instruction. The refusal of the trial court to give plaintiff's requested instruction was not properly raised and plaintiff is in no manner prejudiced by the erroneous statement in our former opinion. In other respects the motion for a rehearing is without merit and it is overruled.

MOTIONS TO FILE SUPPLEMENTAL TRANSCRIPT AND FOR A REHEARING OVERRULED.